UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
OWENSBORO DIVISION

REYNA CASTRO CANAHUI,                                                    Petitioner,

v.                                                         Civil Action No. 4:26-cv-166-DJH

JASON WOOSLEY, Jailer, Grayson County
Detention Center et al.,                                              Respondents.[1]

\* \* \* \* \*

## MEMORANDUM AND ORDER

Petitioner Reyna Castro Canahui, a noncitizen resident of Indiana currently detained in the Western District of Kentucky, seeks a writ of habeas corpus pending her removal proceedings.  She alleges that her detention by immigration authorities violates the Immigration and Nationality Act and the Due Process Clause of the Fifth Amendment.  (Docket No. 1)  The parties agreed to forgo a show-cause hearing given the absence of a material factual dispute (*see* D.N. 5), and they have submitted briefing setting out their respective legal arguments (D.N. 8; D.N. 9).  After careful consideration, the Court will grant in part Castro Canahui's petition for the reasons explained below.

**I.**

Castro Canahui is a native and citizen of Guatemala.  (D.N. 1, PageID.1 ¶ 1; D.N. 8-1, PageID.115)  She entered the United States on or about June 24, 2017, with her minor child, and they were detained by federal immigration authorities the same day.  (D.N. 8-2, PageID.118; D.N. 8-1, PageID.116)  Castro Canahui was placed in removal proceedings via a Notice to Appear

---

[1] The petition names Kristi Noem as the Secretary of the Department of Homeland Security. (Docket No. 1, PageID.11–12 ¶ 34)  Pursuant to Federal Rule of Civil Procedure 25(d), the current Secretary, Markwayne Mullin, has been automatically substituted as the respondent.  The Court will order that the docket be modified accordingly.

dated June 25, 2017, which designated her as inadmissible under 8 U.S.C. § 1182(a)(6)(A) and as "an alien present in the United States who has not been admitted." (D.N. 8-2, PageID.118) On June 26, 2017, she was released pursuant to an order of recognizance "due to lack of bed space."[2] (D.N. 8-1, PageID.116; *see* D.N. 1-3, PageID.41) Castro Canahui has a pending asylum application and has received employment authorization. (D.N. 1, PageID.2 ¶ 5; *see* D.N. 1-6, PageID.50) Prior to her recent arrest by immigration authorities, Castro Canahui lived in Indiana with her husband, who is a legal permanent resident, and their three children. (D.N. 1, PageID.2 ¶ 6) At the time of her arrest, she was "exclusively breastfeeding" her nine-month-old child. (*Id.*; *see* D.N. 1-8, PageID.60)

On February 20, 2026, Indiana law enforcement arrested Castro Canahui on charges of theft and "false identity statement." (D.N. 8-3, PageID.122; *see id.*, PageID.120–21) Those charges remain pending. (*See* D.N. 8-1, PageID.116) U.S. Immigration and Customs Enforcement (ICE) canceled Castro Canahui's order of release on recognizance on February 22, 2026. (*See* D.N. 8-5, PageID.128) A probable-cause affidavit was filed and a probable-cause order was issued on February 23, 2026, as to the pending state charges. (*See* D.N. 8-3, PageID.125–26) An administrative arrest warrant was also issued authorizing Castro Canahui's detention pursuant to 8 U.S.C. § 1226.[3] (*See* D.N. 8-4, PageID.127) Castro Canahui was taken into ICE custody on February 22, 2026, pursuant to an immigration detainer. (D.N. 8-1, PageID.116) She remains detained at the Grayson County Detention Center in Leitchfield, Kentucky. (D.N. 1-5, PageID.48)

---

[2] Pursuant to 8 U.S.C. § 1226(a)(2)(B), a noncitizen may be released "on an Order of Recognizance, which is a form of conditional parole." *Alonso v. Tindall*, No. 3:25-cv-652-DJH, 2025 WL 3083920, at *5 (W.D. Ky. Nov. 4, 2025) (quoting *Gomes v. Hyde*, 804 F. Supp. 3d 265, 269 (D. Mass. 2025)).

[3] The warrant cited section 236 of the Immigration and Nationality Act (D.N. 8-4, PageID.127), which is codified at 8 U.S.C. § 1226. *Barrera v. Tindall*, No. 3:25-cv-541-RGJ, 2025 WL 2690565, at *1 n.1 (W.D. Ky. Sep. 19, 2025).

Castro Canahui seeks a writ of habeas corpus against Grayson County Jailer Jason Woosley, the Chicago ICE Field Office Director, Acting Director of ICE Todd Lyons, the Department of Homeland Security Secretary, and the U.S. Attorney General. (D.N. 1, PageID.11–12 ¶¶ 31–35) Castro Canahui alleges that her detention violates the Immigration and Nationality Act, 8 U.S.C. §§ 1225–1226; bond regulations; due process under the Fifth Amendment; and ICE's guidelines regarding detention of postpartum mothers who are breastfeeding. (*See id.*, PageID.27–36 ¶¶ 81–105; *see* D.N. 1-14, PageID.78–86) Castro Canahui asks the Court to order her immediate release. (*See* D.N. 1, PageID.36) Respondents argue that (1) Castro Canahui is properly detained under § 1226(c) based on the theft charge and under § 1225(b)(2) as an applicant for admission, and (2) Castro Canahui's detention does not violate due process under § 1225.[4] (*See* D.N. 8, PageID.106–12)

II.

**A.    Immigration and Nationality Act**

Castro Canahui asserts that she "may be detained, if at all, pursuant to 8 U.S.C. § 1226(a)" and that she is entitled to a bond hearing. (D.N. 1, PageID.27 ¶ 82; *see id.* ¶ 83) Respondents argue that Castro Canahui is detained under 8 U.S.C. § 1226(c) and § 1225(b)(2). (*See* D.N. 8, PageID.106–10) They incorporate by reference arguments from the appellants' brief in *Lopez-Campos v. Raycraft*, 797 F. Supp. 3d 771 (E.D. Mich. 2025), *appeal docketed*, No. 25-1965 (6th Cir. Oct. 27, 2025). (*See generally* D.N. 8-6)

---

[4] Respondents do not contest that the Court has jurisdiction to review Castro Canahui's petition (*see* D.N. 8-6, PageID.145). *See Lopez v. Olson*, No. 3:25-cv-654-DJH, 2025 WL 3217036, at *2 (W.D. Ky. Nov. 18, 2025) ("Section 2241 [of Title 28] confers jurisdiction [on district courts] to hear habeas corpus challenges to the legality of a noncitizen's detention." (citing *Rasul v. Bush*, 542 U.S. 466, 483–84 (2004))). Nor do Respondents argue whether Castro Canahui must exhaust administrative remedies. (D.N. 8-6, PageID.159 n.4) Therefore, the Court will not address those issues.

As an initial matter, "[s]ections 1225 and 1226 are mutually exclusive." *Martinez Herrera v. Olson*, No. 4:26-cv-52-DJH, 2026 WL 561101, at *5 (W.D. Ky. Feb. 27, 2026) (internal quotation mark omitted) (quoting *Rodriguez-Acurio v. Almodovar*, 811 F. Supp. 3d 274, 311 (E.D.N.Y. 2025)). Thus, the Court must determine which statute governs Castro Canahui's detention. *See id.* Section 1225(b)(2) authorizes detention of noncitizens who are applicants for admission and who are "seeking admission." § 1225(b)(2)(A); *see Alonso*, 2025 WL 3083920, at *7. In *Alonso*, the Court found that the petitioner was an applicant for admission as an "alien present in the United States who ha[d] not been admitted," 2025 WL 3083920 at *5 (quoting § 1225(a)(1)), but that he was not "seeking admission" because he resided in the United States at the time of his arrest. *See id.* at *5, *7. Likewise, Castro Canahui is an applicant for admission because she is an "alien present in the United States who has not been admitted," § 1225(a)(1) (*see* D.N. 8-2, PageID.118), but she is not "seeking admission" under § 1225(b)(2)(A) because she lived in the United States when immigration authorities recently arrested her (*see* D.N. 8-1, PageID.116). *See Alonso*, 2025 WL 3083920, at *6. "[T]he category of applicants for admission covered by § 1225(b)(2) who are 'seeking admission' is meant to refer to those who are presenting themselves at the border, or who were recently apprehended just after entering." *Hyppolite v. Noem*, 808 F. Supp. 3d 474, 487 (E.D.N.Y. 2025). Castro Canahui was arrested in the interior of the United States and thus does not fall within that category. *See Alonso*, 2025 WL 3083920, at *6. Therefore, § 1225(b)(2) does not authorize her detention. *See id.*

Respondents' primary position is that § 1226(c) governs Castro Canahui's detention. In relevant part, the Laken Riley Act recently amended the Immigration and Nationality Act to require detention of noncitizens who are inadmissible under certain statutory provisions, including 8 U.S.C. § 1182(a)(6)(A), and who have been charged with, arrested for, or convicted of certain

enumerated offenses, including theft and shoplifting. *See* § 1226(c)(1)(E)(i)–(ii). Here, § 1226(c) applies because Castro Canahui was charged as inadmissible under § 1182(a)(6)(A) and was charged with theft under Indiana law. (*See* D.N. 8-2, PageID.118; D.N. 8-3, PageID.122) Thus, based on the record, Castro Canahui is detained under § 1226(c), not § 1225(b)(2).

**B.    Due Process**

Castro Canahui asserts that her detention without a bond hearing violates due process under the Fifth Amendment. (*See* D.N. 1, PageID.28–36 ¶¶ 89–105) Respondents argue that Castro Canahui "is receiving the process Congress provided [under § 1225(b)(2)], including notice of the relevant charges of removability and a hearing before an immigration judge." (D.N. 8, PageID.110–11) Because Castro Canahui is detained under § 1226(c), not § 1225(b)(2), Respondents' argument as to the due process required by § 1225 is irrelevant. *See Singh v. Lewis*, No. 4:25-cv-133-DJH, 2025 WL 3298080, at *5 (W.D. Ky. Nov. 26, 2025).

The Fifth Amendment's Due Process Clause extends to all persons, including noncitizens, regardless of immigration status and in the context of removal proceedings. *Plyler v. Doe*, 457 U.S. 202, 210 (1982) (citations omitted); *A.A.R.P. v. Trump*, 605 U.S. 91, 94 (2025) (per curiam) (citation omitted). To evaluate a due-process claim, the Court applies the three-part balancing test set out in *Mathews v. Eldridge*, 424 U.S. 319 (1976). *Alonso*, 2025 WL 3083920, at *8 (citing *Barrera*, 2025 WL 2690565, at *6); *see M.T.B. v. Byers*, No. 2:24-028-DCR, 2024 WL 3881843, at *3–4 (E.D. Ky. Aug. 20, 2024) (applying *Mathews* to § 1226(c) analysis); *Black v. Decker*, 103 F.4th 133, 147–55 (2d Cir. 2024) (same). Under that test, the Court weighs

> (1) the private interest that will be affected by the official action; (2) the risk of an erroneous deprivation of such interest through the procedures used, and the probable value, if any, of additional or substitute procedural safeguards; and (3) the United States' interest, including the function involved and the fiscal and administrative burdens that the additional or substitute procedural requirement would entail.

*Barrera*, 2025 WL 2690565, at *6 (citing *Mathews*, 424 U.S. at 335).

The first *Mathews* factor strongly favors Castro Canahui because she has a "significant liberty interest . . . in being free from imprisonment." *Black*, 103 F.4th at 151 (quoting *Velasco Lopez v. Decker*, 978 F.3d 842, 851 (2d Cir. 2020)).

Under the second *Mathews* factor, the risk of erroneously depriving Castro Canahui of her freedom is high because procedural protections under § 1226(c) are "'almost nonexistent,' as they provide no individualized review of the need for detention and no mechanism for the detainee's release." *M.T.B.*, 2024 WL 3881843, at *3 (quoting *Black*, 103 F.4th at 152). "[T]he only procedural protection available appears to be the alien's ability to contest that [s]he committed the crime that renders [her] subject to mandatory detention," commonly called a *Joseph* hearing. *Id.* (citing *Black*, 103 F.4th at 152); *see generally In re Joseph*, 22 I&N Dec. 799 (BIA 1999); *see also Vera-Velez v. Soto*, No. 26cv1480 (EP) (MAH), 2026 WL 963348, at *3 n.2 (D.N.J. Apr. 9, 2026). "Under *Joseph*, such detainees are entitled to a hearing before an Immigration Judge . . . to determine 'whether the [Government] has properly included [them] within a category that is subject to mandatory detention' under § 1226(c)." *Gayle v. Warden Monmouth Cnty. Corr. Inst.*, 12 F.4th 321, 328 (3d Cir. 2021) (alterations in original) (quoting *In re Joseph*, 22 I&N Dec. at 805) (citing 8 C.F.R. § 1003.19(h)(2)(i)(D), (h)(2)(ii)). "If a detainee is found not to be 'properly included' within § 1226(c), she may then seek release on bond under 8 U.S.C. § 1226(a)."[5] *Id.* (quoting *In re Joseph*, 22 I&N Dec. at 806). It is unclear from the record whether Castro Canahui has received the only procedural protection available—a *Joseph* hearing. (*See generally* D.N. 1;

---

[5] Castro Canahui asserts that she is entitled to a bond hearing pursuant to § 1226(a) but does not mention a *Joseph* hearing. (*See* D.N. 1, PageID.19–23 ¶¶ 58–65) The case she cites in support of her argument, *Doe v. Moniz*, 800 F. Supp. 3d 203 (D. Mass. 2025), does not mention a *Joseph* hearing either. (*See* D.N. 1, PageID.22 ¶ 64)

D.N. 8)  Thus, the second *Mathews* factor also weighs strongly in Castro Canahui's favor.  *See M.T.B.*, 2024 WL 3881843, at *3.

As to the third *Mathews* factor, the United States has "two primary interests" that may support detention: "(1) ensuring the noncitizen's appearance at proceedings, and (2) protecting the community from noncitizens who have been involved in crimes that Congress has determined differentiate them from others" for purposes of § 1226(c).  *Black*, 103 F.4th at 153.  As explained below, the standard the United States must satisfy at the *Joseph* hearing adequately protects these interests.  Accordingly, all three *Mathews* factors support providing Castro Canahui with a *Joseph* hearing.

During a *Joseph* hearing, the government must show that there is "reason to believe" the noncitizen is properly detained under § 1226(c) "until the Immigration Judge resolves the merits of the removal case."  *In re Joseph*, 22 I&N Dec. at 807.  If the government makes that showing, "the burden shifts to the detainee to show that the Government is 'substantially unlikely to prevail on its charge' at the eventual removal hearing."  *Gayle*, 12 F.4th at 330 (quoting *In re Joseph*, 22 I&N Dec. at 807).  "A detainee can make that showing with either factual or legal arguments, but her burden is a heavy one: Her legal arguments, for example, may only succeed if she presents 'precedent caselaw directly on point that mandates a finding that the charge of removability will not be sustained.'"  *Id.* (quoting *In re Garcia*, 2007 WL 4699861, at *1 (BIA Nov. 5, 2007)).  For the government to demonstrate "reason to believe" that the detainee is lawfully detained, it must "show by a preponderance of the evidence that the detainee is properly included within § 1226(c) as both a factual and a legal matter."  *Id.* at 333 (citing *Addington v. Texas*, 441 U.S. 418, 423–24 (1979)).  "It must show, in other words, that it is more likely than not both that the detainee in fact committed a relevant offense under § 1226(c) and that the offense falls within that provision as a

7

matter of law." *Id.* (citing *In re Joseph*, 22 I&N Dec. at 809).  The preponderance-of-the-evidence standard adequately protects the United States' interests in detaining noncitizens under § 1226(c). *See id.* (explaining that preponderance standard protects the "Government's interest in 'preventing deportable criminal aliens from fleeing prior to or during their removal proceedings'" (quoting *Demore v. Kim*, 538 U.S. 510, 528 (2003))).

Based on the record, probable cause exists to believe that Castro Canahui committed theft. (*See* D.N. 8-3, PageID.120–21 (probable-cause affidavit); *id.*, PageID.126 (probable-cause order issued as to the state-law offenses))  But "[p]robable cause is less than a preponderance [of the evidence]." *Gayle*, 12 F.4th at 332 (citing *Illinois v. Gates*, 462 U.S. 213, 235 (1983)).  Therefore, a *Joseph* hearing is warranted to determine whether "it is more likely than not both that [Castro Canahui] in fact committed a relevant offense under § 1226(c) and that the offense falls within that provision as a matter of law."  *Id.* at 333 (citing *In re Joseph*, 22 I&N Dec. at 809).  If the government satisfies the preponderance standard, Castro Canahui may then present "caselaw directly on point that mandates a finding that the charge of removability will not be sustained." *Id.* at 330 (citation omitted).

### III.

For the reasons set forth above, and the Court being otherwise sufficiently advised, it is hereby

**ORDERED** as follows:

(1)    The Clerk of Court is **DIRECTED** to substitute Markwayne Mullin, Secretary of the Department of Homeland Security, as a respondent in the record of this matter.

(2)    Castro Canahui's petition for a writ of habeas corpus (D.N. 1) is **GRANTED** in part.  Respondents are **DIRECTED** to immediately provide Castro Canahui with a *Joseph* hearing

before a neutral Immigration Judge pursuant to 8 U.S.C. § 1226(c).  Respondents **SHALL** certify

compliance with the Court's Order by a filing on the docket no later than **April 24, 2026**.

      (3)      Upon receipt of the notice of compliance, this matter will be **CLOSED**.

April 22, 2026

**David J. Hale, Chief Judge**
**United States District Court**

9