UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
OWENSBORO DIVISION

REYNA CASTRO CANAHUI,                                                    Petitioner,

v.                                                         Civil Action No. 4:26-cv-166-DJH

JASON WOOSLEY, Jailer, Grayson County
Detention Center et al.,                                                Respondents.

* * * * *

**<u>MEMORANDUM AND ORDER</u>**

Petitioner Reyna Castro Canahui moves to enforce the Court's prior Memorandum and Order directing Respondents to provide her with a *Joseph* hearing.  (Docket No. 13; *see* D.N. 11)  Castro Canahui argues that the *Joseph* hearing she received "did not materially comply with the substance of this Court's directive." (D.N. 13, PageID.230)  She seeks immediate release.  (*Id.*, PageID.234)  Respondents oppose the motion to enforce.  (D.N. 14)  After careful consideration, the Court will grant in part Castro Canahui's motion for the reasons explained below.

**I.**

In its prior Memorandum and Order, the Court found that 8 U.S.C. § 1226(c) was the basis for Castro Canahui's detention due to an inadmissibility charge and a pending theft charge against her.  (*See* D.N. 11, PageID.220–21 (citing D.N. 8-2, PageID.118; D.N. 8-3, PageID.122))  The Court therefore ordered Respondents to immediately provide Castro Canahui with a *Joseph* hearing.  (*See id.*, PageID.224–25)  The Court stated that during the *Joseph* hearing, the government would be required to "show that there is 'reason to believe' [Castro Canahui] is properly detained under § 1226(c) 'until the Immigration Judge resolves the merits of [her] removal case.'"  (*Id.*, PageID.223 (quoting *In re Joseph*, 22 I&N Dec. 799, 807 (B.I.A. 1999)))  The Court explained that "reason to believe" requires the government to demonstrate by a

1

preponderance of the evidence that Castro Canahui is "properly included within § 1226(c) as both a factual and a legal matter." (*Id.* (quoting *Gayle v. Warden Monmouth Cnty. Corr. Inst.*, 12 F.4th 321, 333 (3d Cir. 2021)))  The Memorandum and Order further stated that probable caused existed to believe that Castro Canahui had committed theft (*see id.*, PageID.224 (citing D.N. 8-3, PageID.120–21, 126)) but that probable cause is less than a preponderance of the evidence. (*Id.* (citing *Gayle*, 12 F.4th at 332))  The government was therefore required to show that it is "more likely than not" that Castro Canahui committed theft and that the offense falls under § 1226(c) as a matter of law. (*Id.*)

During Castro Canahui's *Joseph* hearing, the immigration judge stated that the government "bears the burden of proof to show by a preponderance of the evidence that the noncitizen is properly included within [8 U.S.C. § 1226(c)] as both a factual and a legal matter." (D.N. 13-1, PageID.236)  The immigration judge found that Castro Canahui was inadmissible and "arrested and charged for theft" under Indiana law, and he concluded that the government thus "met its burden to demonstrate that [she] is subject to mandatory detention" under § 1226(c). (*Id.*, PageID.237)

Castro Canahui argues that the immigration judge's decision (1) "recited" the preponderance standard but "did not apply it"; (2) did not "address the factual showing required by this Court"; and (3) failed to address her arguments as to the sufficiency and reliability of the government's evidence. (*See* D.N. 13, PageID.231–34)  Respondents argue that (1) this matter should not be reopened; (2) pursuant to 8 U.S.C. § 1226(e), the Court lacks jurisdiction to consider the motion to enforce; (3) Castro Canahui should exhaust administrative remedies by appealing the *Joseph* decision to the Board of Immigration Appeals (BIA); and (4) the immigration judge's decision was supported by a preponderance of the evidence. (*See* D.N. 14, PageID.363–67)

2

**II.**

**A.    Reopening the Case**

Respondents argue that "[t]here is no basis provided for re-opening this matter." (*Id.*, PageID.367)  The Court's Memorandum and Order stated that this case would be administratively closed upon receipt of Respondents' notice that Castro Canahui had been provided a *Joseph* hearing.  (*See* D.N. 11, PageID.224–25)  Respondents filed the notice via a status report on April 24, 2026, and Castro Canahui filed the motion to enforce later that day.  (*See* D.N. 12; D.N. 13)  Although Castro Canahui did not move to reopen this case, the Court may reopen a case on its own motion.  *See Papotto v. Hartford Life & Accident Ins. Co.*, 731 F.3d 265, 275 (3d Cir. 2013) (observing that a district court "retain[s] jurisdiction over administratively closed cases" and "may reopen [a] case—either on its own or at the request of a party—at any time" (citation omitted)); *Sarkar v. Garland*, 39 F.4th 611, 618 (9th Cir. 2022) ("Although an administratively closed case is not counted as active, it 'still exists on the docket' and 'may be reopened upon request of the parties or on the court's own motion.'" (quoting *Mire v. Full Spectrum Lending Inc.*, 389 F.3d 163, 167 (5th Cir. 2004))).  Accordingly, the Court will reopen this matter on its own motion to consider the motion to enforce.  *See In re: N. Ohio Mar. Asbestos Litig. v. United Fruit Co.*, No. 1:10-CV-00001, 2016 WL 4533012, at *1 (N.D. Ohio Aug. 24, 2016) ("A federal court has the inherent power to enforce compliance with its lawful orders." (citing *Shillitani v. United States*, 384 U.S. 364, 370 (1966))).

**B.    Jurisdiction**

Respondents argue that Castro Canahui challenges "the discretionary decision of the immigration judge" and that 8 U.S.C. § 1226(e) therefore prevents the Court from considering the motion to enforce.  (D.N. 14, PageID.364; *see id.*, PageID.363–64)  Pursuant to 8 U.S.C. § 1226(e),

> [t]he Attorney General's discretionary judgment regarding the application of [8 U.S.C. § 1226] shall not be subject to review.  No court may set aside any action or decision by the Attorney General under this section regarding the detention of any alien or the revocation or denial of bond or parole.

8 U.S.C. § 1226(e).  Thus, "district courts do not have jurisdiction to review discretionary decisions made by an [immigration judge] regarding bond." *Marroquin v. Noem*, No. 26-45-DLB, 2026 WL 575222, at *3 (E.D. Ky. Mar. 2, 2026) (quoting *Fuentes v. Lyons*, 808 F. Supp. 3d 733, 737 (S.D. Tex. 2025)); *see Nielsen v. Preap*, 586 U.S. 392, 401 (2019).  Specifically, the Court lacks jurisdiction to consider claims that challenge the immigration judge's "weighing [of] the evidence" and "raise[] quintessentially factual arguments about the [immigration judge's] decision." *Marroquin*, 2026 WL 575222, at *4 (citing *Nielsen*, 586 U.S. at 401).  But § 1226(e)'s "limitation applies only to 'discretionary' decisions about the 'application' of § 1226 to particular cases." *Nielsen*, 586 U.S. at 401 (quoting § 1226(e)).  The Court does not lack jurisdiction under § 1226(e) where the immigration judge's decision is "challenged as legally erroneous." *Garcia v. Hyde*, 817 F. Supp. 3d 112, 124 (D.R.I. 2025) (quoting *Mayancela Mayancela v. FCI Berlin, Warden*, No. 25-cv-348-LM-TSM, 2025 WL 3215638, at *4 (D.N.H. Nov. 18, 2025)).

Castro Canahui argues that the immigration judge's decision (1) "turn[ed] entirely on [her] inadmissibility, arrest, and charge status," disregarding the preponderance standard; (2) relied on the "same evidence Respondents presented" in response to the habeas petition and thus did not "address the factual showing required by this Court"; and (3) failed to address Castro Canahui's arguments during the *Joseph* hearing as to the sufficiency and reliability of the government's evidence. (*See* D.N. 13, PageID.231–34)  The Court does not have jurisdiction to consider the third argument because it essentially challenges the credibility of the evidence presented to the immigration judge. *Cf. Perez Sierra v. Bondi*, No. 25-cv-18829, 2026 WL 497070, at *3 (D.N.J. Feb. 23, 2026) (observing that courts "may not review [an immigration judge's] discretionary

4

evidentiary determinations, credibility findings, or the ultimate weighing of the evidence" (citing *Ghanem v. Warden Essex Cnty. Corr. Facility*, No. 21-1908, 2022 WL 574624, at *2–3 (3d Cir. Feb. 25, 2022))).  But the Court may consider whether the immigration judge correctly applied the statutory legal standard, which "is not a discretionary judgment barred by Section 1226(e) and is also reviewable by this Court as a question of law." *Picado v. Hyde*, No. 26-cv-065-JJM-PAS, 2026 WL 352691, at *5 (D.R.I. Feb. 9, 2026) (internal quotation marks omitted) (citing *Wilkinson v. Garland*, 601 U.S. 209, 212, 225 (2024); *Martinez v. Clark*, 124 F.4th 775, 779 (9th Cir. 2024)).

Moreover, to the extent Castro Canahui asks the Court to enforce its prior Memorandum and Order (*see generally* D.N. 13), the Court has jurisdiction on that basis.  *See Fed. Nat'l Mortg. Ass'n v. Chi. Three Holdings*, No. 2:22-cv-11884, 2024 WL 233725, at *2 (E.D. Mich. Jan. 22, 2024) ("[T]his Court always has jurisdiction to enforce its own orders." (citing *McAlpin v. Lexington 76 Auto Truck Stop, Inc.*, 229 F.3d 491, 504 (6th Cir. 2000))); *cf. Trejo v. Bullock*, No. 3:26-cv-47, 2026 WL 598391, at *2 (E.D. Tenn. Mar. 3, 2026) ("[T]his Court's jurisdiction to review Petitioner's bond hearing is limited to whether it satisfied due process or otherwise suffered some defect that rendered it noncompliant with this Court's Order." (citing *Ghanem*, 2022 WL 574624, at *2; *Gentry v. Deuth*, 456 F.3d 687, 692 (6th Cir. 2006))).  Therefore, the Court will consider Castro Canahui's claims regarding the evidence upon which the immigration judge relied and whether the immigration judge found that she is detained under § 1226(c) by a preponderance of the evidence.

## C.      Exhaustion of Remedies

Respondents additionally argue that Castro Canahui should be required to exhaust administrative remedies by appealing the immigration judge's decision to the BIA.  (*See* D.N. 14, PageID.364–67)  The record does not reflect that Castro Canahui appealed the immigration judge's determination.  (*See generally* D.N. 13; D.N. 14)

Because "there is no applicable statute or rule that mandates administrative exhaustion" here, the Court may exercise its discretion as to whether exhaustion should be required. *Soto-Medina v. Lynch*, 817 F. Supp. 3d 612, 619 (W.D. Mich. 2026) (citing *Shearson v. Holder*, 725 F.3d 588, 593–94 (6th Cir. 2013)). District courts in the Sixth Circuit apply the three-factor test set out in *United States v. California Care Corp.*, 709 F.2d 1241 (9th Cir. 1983), in deciding whether to require exhaustion. *See Soto-Medina*, 817 F. Supp. 3d at 619. Under that test, a court may require exhaustion when

> (1) agency expertise makes agency consideration necessary to generate a proper record and reach a proper decision;
> (2) relaxation of the requirement would encourage the deliberate bypass of the administrative scheme; and
> (3) administrative review is likely to allow the agency to correct its own mistakes and to preclude the need for judicial review.

*Id.* at 619–20 (citing *California Care Corp.*, 709 F.2d at 1248). Here, whether the immigration judge correctly applied the preponderance standard is "principally a legal question" that does not require agency consideration. *Id.* at 620. Second, waiving exhaustion would not encourage the deliberate bypass of administrative review because Castro Canahui's motion essentially raises constitutional claims regarding the adequacy of her *Joseph* hearing (*see* D.N. 13, PageID.231–34). *Cf. Garcia*, 817 F. Supp. 3d at 125 (concluding that claims contesting immigration judge's determination of flight risk during a bond hearing "ultimately raise[] a constitutional challenge"). And "the BIA cannot review constitutional challenges." *Soto-Medina*, 817 F. Supp. 3d at 620 (citing *Sterkaj v. Gonzales*, 439 F.3d 273, 279 (6th Cir. 2006)). For the same reason, administrative review would not preclude the need for judicial review under the third *California Care Corp.* factor. *See id.* Accordingly, the Court will waive exhaustion and consider Castro Canahui's motion.

**D.    Motion to Enforce**

As the Court observed in its prior Memorandum and Order, the government must show during a *Joseph* hearing "that it is more likely than not both that the detainee in fact committed a relevant offense under § 1226(c) and that the offense falls within that provision as a matter of law." (D.N. 11, PageID.223–24 (citing *Gayle*, 12 F.4th at 333))    *Joseph* hearings "encourage [immigration judges] to engage in more than just a perfunctory review and ratification of the fact that the Government may have had a reason to believe the [noncitizen] was within the category of § 1226(c)." *Gayle*, 12 F.4th at 332 (citation modified).  In an immigration proceeding, "[m]erely stating the proper standard does not discharge the obligation to correctly apply the standard." *Picado*, 2026 WL 352691, at *6 (alteration in original) (quoting *Akinsanya v. Garland*, 125 F.4th 287, 297 (1st Cir. 2025)).

Here, the government presented only Castro Canahui's "Indiana Criminal Case Records" (D.N. 13-2, PageID.242)—specifically, a probable-cause affidavit by an Indiana law-enforcement officer (*see id.*, PageID.244–45); a copy of the pending charges (*id.*, PageID.246); and a docket summary of the pending state case as of February 27, 2026, showing that probable cause was "found" (*see id.*, PageID.248–50).  The affidavit states that the officer "took custody of" Castro Canahui; "perform[ed] a search incident to arrest of [her] backpack" and found purportedly stolen merchandise; and watched video footage of Castro Canahui allegedly placing items in a shopping bag without paying for them.  (*Id.*, PageID.244)  The government did not produce additional evidence, such as the video footage referenced in the affidavit.  (*See id.*, PageID.242–50)  Moreover, the government provided the same evidence in opposing Castro Canahui's habeas petition (*see* D.N. 8-3, PageID.120–26), which the Court previously observed was sufficient to establish probable cause.  (*See* D.N. 11, PageID.224)  But probable cause "fall[s] below the preponderance of the evidence standard." *United States v. Gregory*, 819 F. Supp. 3d 711, 720 (E.D.

7

Mich. 2026) (quoting *United States v. McCallister*, 39 F.4th 368, 374 (6th Cir. 2022)).  That is, the "'practical, nontechnical' probable cause standard 'does not demand' certainty or even that the inference be 'more likely true than false.'"  *Amis v. Twardesky*, 637 F. App'x 859, 864 (6th Cir. 2015) (quoting *Texas v. Brown*, 460 U.S. 730, 742 (1983)).

Here, however, the government was required to show that "it is more likely than not" that Castro Canahui committed theft.  *Gayle*, 12 F.4th at 333.  Although the immigration judge cited the preponderance standard (*see* D.N. 13-1, PageID.236), he did not explain how the probable-cause affidavit or a mere finding of probable cause reflected in the criminal docket satisfies that standard without additional evidence (*see id.*, PageID.236–37).  *See United States v. Clariot*, No. 3:08-00023, 2008 WL 11351631, at \*3 (M.D. Tenn. Nov. 25, 2008) ("Probable cause is not synonymous with 'more likely than not.'" (citing *United States v. Miggins*, 302 F.3d 384, 393 (6th Cir. 2002))).  Thus, the government failed to show by a preponderance of the evidence that Castro Canahui is detained under § 1226(c).  *See Gayle*, 12 F.4th at 332 (explaining that the "probable cause standard . . . is too low a bar given the [noncitizen's] interests at stake" during a *Joseph* hearing (internal quotation marks omitted) (citing *Illinois v. Gates*, 462 U.S. 213, 235 (1983))).

### E.    Remedy

Because the government has not demonstrated that Castro Canahui is subject to mandatory detention under § 1226(c), she may seek release on bond pursuant to § 1226(a).  *See id.* at 328. The Court will therefore direct Respondents to provide Castro Canahui with a bond hearing under § 1226(a).  "[T]o continue depriving [Castro Canahui] of [her] liberty," the government must show at the bond hearing by clear and convincing evidence that Castro Canahui poses a flight risk or danger to the community.  *Black v. Decker*, 103 F.4th 133, 155 (2d Cir. 2020); *see M.T.B. v. Byers*, No. 2:24-028-DCR, 2024 WL 3881843, at \*5 (E.D. Ky. Aug. 20, 2024) (collecting cases for the

proposition that "the government must justify continued detention by clear and convincing evidence").

**III.**

For the reasons set forth above, and the Court being otherwise sufficiently advised, it is hereby

**ORDERED** as follows:

(1)     This matter is **REOPENED** on the Court's own motion.

(2)     Castro Canahui's motion to enforce (D.N. 13) is **GRANTED** in part.  Respondents are **DIRECTED** to provide Castro Canahui with a bond hearing pursuant to 8 U.S.C. § 1226(a) within **seven (7) days** of entry of this Order.  To continue detaining Castro Canahui, the government must demonstrate during the bond hearing by clear and convincing evidence that Castro Canahui poses a flight risk or danger to the community.  Respondents **SHALL** certify compliance with the Court's Order by a filing on the docket no later than **July 16, 2026**.

(3)     Upon receipt of the notice of compliance, this matter will again be **CLOSED**.  Any party may move to reopen this matter to enforce the rulings made herein.

July 9, 2026

**David J. Hale, Chief Judge**
**United States District Court**

9